IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE L. BLACKBURN, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2:22-cv-508** |
| v. | ) | |
| | ) | |
| NICHOLAS ZOCCO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JESSE L. BLACKBURN, by and through his attorneys,
LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A.
TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this
Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of civil rights guaranteed
to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance
thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendant for violating Plaintiff's rights under the
Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the
Western District of Pennsylvania.

PARTIES

5.      Plaintiff, Jesse L. Blackburn, is an adult male individual residing in Fayette County,
Pennsylvania.

6.      Defendant, Nicholas Zocco, is an adult male individual and a United States citizen. Plaintiff believes, and therefore avers, that Defendant is a resident of Fayette County, Pennsylvania. At all times relevant to this Complaint, Defendant was a law enforcement officer employed by the City of Uniontown Police Department, with offices located at 45 E. Penn Street, Uniontown, Pennsylvania, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Uniontown Police.

## FACTUAL ALLEGATIONS

7.      Plaintiff resides in the upstairs apartment of a duplex located in Uniontown, Pennsylvania.

8.      Plaintiff also oversees the property, as well as the downstairs apartment of that duplex when it is vacant, for maintenance and security purposes, at the direction of his landlord, Timothy Kelley ("Kelley.")

9.      Plaintiff's rent is discounted by Mr. Kelley in exchange for completing the aforementioned duties related to the property.

10.      In or about 2019, Vernon Crable ("Crable") began to occupy the downstairs apartment of the duplex, which was vacant at the time, without any agreement and/or permission from Mr. Kelley.

11.      Plaintiff reported Mr. Crable's unlawful occupancy of the downstairs apartment and possible illegal activity by Mr. Crable to Mr. Kelley.

12.      As a result, Mr. Kelley told the Plaintiff to keep watch over the downstairs apartment and property for any intruders, including, but not limited to, Mr. Crable.

13.     Mr. Crable threatened and harassed the Plaintiff and his wife on multiple occasions while on the property.

14.     Plaintiff made multiple reports to various law enforcement officers, including, but not limited to, the Defendant, regarding Mr. Crable's threatening and harassing conduct.  However, no officer took any action regarding the Plaintiff's claims.

15.     On or about June 4, 2019, at or around 8 p.m., Plaintiff observed that the door of the downstairs apartment was open and that Mr. Crable was inside.

16.     At or around that time, Plaintiff's wife called 9-1-1 to report Mr. Crable's ongoing unlawful actions, as described herein.

17.     Plaintiff also placed a phone call to Mr. Kelley and reported Mr. Crable's unlawful entry to the downstairs apartment.

18.     Plaintiff then stood on the porch of the downstairs apartment and informed Mr. Crable that he was not permitted to be in the apartment, nor was he permitted to be on the property.

19.     Mr. Kelley also informed Mr. Crable, over speakerphone, that he was not allowed to be on the property and that he was trespassing.

20.     Without provocation or justification, Mr. Crable then lunged forward and attacked the Plaintiff while the Plaintiff was standing on the porch of the downstairs apartment.

21.     As a result of that unjustified attack, Plaintiff began to fall backward and involuntarily grabbed Mr. Crable in an attempt to remain upright.

22.     Various neighbors witnessed the altercation between the Plaintiff and Mr. Crable.

23.     Shortly thereafter, Defendant and other officers arrived in response to a 9-1-1 call.

24.     At that time, Plaintiff told other officers on the scene that Mr. Crable initiated the above-described physical altercation.

25.     Mr. Kelley also arrived at the property at or around that time and told the Defendant that the Plaintiff was permitted to be on the property and was instructed to oversee the property.

26.     Defendant then arrested the Plaintiff and criminally charged him with felony counts of trespass and burglary, a misdemeanor of simple assault and a summary harassment charge.

27.     Defendant lacked probable cause to criminally charge the Plaintiff with the aforementioned crimes.

28.     Defendant knew, or should have known, that there was no reasonable basis for the aforementioned criminal charges to be brought against the Plaintiff.

29.     Furthermore, Defendant's Affidavit of Probable Cause failed to include exculpatory evidence, including, but not limited to, Plaintiff's statement that Mr. Crable initiated the physical altercation.

30.     Defendant did not criminally charge Mr. Crable for his unlawful actions, as described hereinbefore above.

31.     Plaintiff was then handcuffed and transported to Fayette County Jail, where he remained for approximately seven (7) hours.  Plaintiff's incarceration caused him extreme emotional distress and anxiety.

32.     As a direct and proximate result of the criminal charges against the Plaintiff by Defendant, Plaintiff's pending job offer was rescinded.

33.     On or about May 4, 2021, Plaintiff was acquitted by a jury of his peers of all charges before Judge Leskinen of the Fayette County Court of Common Pleas.

COUNT I:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>MALICIOUS PROSECUTION</u>

34.     Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at

length herein.

35.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

the Defendant for violations of Plaintiff's constitutional rights under color of law.

36.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from prosecution without

probable cause.

37.     Defendant intentionally seized and arrested Plaintiff without probable cause and initiated

the unjustified prosecution of the Plaintiff.

38.     Defendant knew, or should have known, through the use of reasonable care, that no

probable cause existed for prosecution of the Plaintiff.

39.     Charging the Plaintiff without probable cause constitutes malice on the part of Defendant.

40.     The arrest, seizure and subsequent prosecution of the Plaintiff constituted a malicious

prosecution by Defendant in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth

Amendment of the United States Constitution.

41.     The actions of Defendant constituted malicious prosecution in that:

        a.      Defendant initiated criminal proceedings against Plaintiff;

        b.      the criminal proceedings ended in the Plaintiff's favor;

    c.      the arrest, seizure and prosecution of the Plaintiff were initiated without probable cause

    d.      Defendant acted maliciously and/or for purposes other than bringing the Plaintiff to justice; and

    e.      Plaintiff suffered an unlawful seizure of his person in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

42.    The actions of the Defendant were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the Defendant to punitive damages.

43.    As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

    a.      Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

    b.      fright, horror, and shock;

    c.      emotional trauma and suffering;

    d.      economic damages related to loss of pending job offer;

    e.      economic damages related to any and all consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendant and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  March 30, 2022